Matter of Mpow Tech. Co., Ltd. v Amazon.com Servs., LLC

2026 NY Slip Op 03273

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Mpow Technology Co., Ltd., Petitioner-Appellant,

v

Amazon.com Services, LLC et al., Respondents-Respondents.

Decided and Entered: May 26, 2026

Index No. 652815/25|Appeal No. 6723|Case No. 2025-05067|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Julie Guo, New York, for appellant.

Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 2, 2025, which denied the petition to vacate an arbitration award, dated February 3, 2025, unanimously affirmed, without costs.

Supreme Court properly denied the petition and confirmed the arbitration award because petitioner failed to demonstrate that the arbitrator exceeded his power or that the award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (CPLR 7511[b], [e]; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481 [2006], cert dismissed 548 US 940 [2006]).

Citing governing law, the arbitrator determined that the parties' voluntary stipulation of dismissal with prejudice of the previous arbitration based on identical claims constituted a final adjudication on the merits, and thus res judicata applied to bar the instant arbitration. The arbitrator further reasoned that any allegations that petitioner's counsel in the prior arbitration did not have the authority to permanently dismiss the proceeding on petitioner's behalf did not undermine the preclusive effect of that stipulation, noting that petitioner had commenced a legal malpractice action against its former counsel to pursue those claims. Accordingly, the arbitrator's analysis demonstrates that the award had a colorable basis for its conclusion (see Matter of Mariana Trading, Inc. v Amazon.Com Servs., LLC, 231 AD3d 483, 484 [1st Dept 2024], quoting Wien & Malkin, 6 NY3d at 479-448).

We have considered petitioner's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026